

# The Ottinger Firm, P.C.
Employment Attorneys

20 W. 55th St. 6th Floor
New York, NY 10019
p. 212.571.2000  f. 212.571.0505

1 Market, Spear Tower, Ste 3600
San Francisco, CA 94105
p. 415.906.5417  f. 415.520.0555

www.ottingerlaw.com

**George D. Vallas**
george@ottingerlaw.com

January 24, 2014

**VIA ECF**

Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JAN 2 7 2014

      Re:    *Ryan v. Deluxe Delivery Sys., Inc.*, 13-cv-08761 (AJN)

Dear Judge Nathan:

We represent Plaintiff William Ryan in the above-referenced matter. Pursuant to this Court's Order dated December 23, 2013, we are submitting this letter jointly with David F. Jasinski of Jasinski, P.C., of counsel for Defendant Deluxe Delivery Systems, in anticipation of the Initial Conference scheduled for January 31, 2014.

## I.  Statement of the Case

This is an action seeking declaratory, injunctive and equitable relief, as well as monetary damages, for: (1) violations of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); (2) the New York State Human Rights Law, New York Executive Law § 290, *et seq.* ("NYSHRL"); (3) the New York City Human Rights Law, New York Administrative Code § 8-101, *et seq.* ("NYCHRL"); and (4) New York Labor Law § 215 ("NYLL"). The action is premised on Plaintiff's allegations that Defendant unlawfully discriminated against him on the basis of his age, race, and ancestry and/or ethnicity by engaging in a persistent and escalating pattern of verbal harassment that culminated in the termination of Mr. Ryan's employment. Plaintiff also alleges that his termination was in retaliation for protected conduct under the NYLL; specifically, complaining about the Defendant's misclassification of employees as independent contractors.

Defendant vehemently denies these allegations and asserts in part, that all action taken against Plaintiff were conducted for legitimate business reasons and were lawful. Defendant also denies any misclassifications.

Based upon the foregoing, the factual and legal issues most important to resolving this matter are whether Defendant subjected Plaintiff to unlawful harassment based on his age, race, and/or

Hon. Alison J. Nathan
January 24, 2014
Page 2

ethnicity, and whether Plaintiff's termination was retaliatory in violation of Section 1981, the NYSHRL, the NYCHRL and the NYLL.

**II.     Basis of Subject Matter Jurisdiction and Venue**

Plaintiff purports to bring this action pursuant to 42 U.S.C. 1981, and invoke jurisdiction under 28 U.S.C. §§ 1331 and 1343. Plaintiff also purports to invoke supplemental jurisdiction over Plaintiff's claim arising under the New York State and City Human Rights Laws pursuant to 28 U.S.C. § 1367(a) to bring a supplemental claim.

Plaintiff purports that Venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1391 because Defendant maintains a place of business in this District and because a substantial part of the events or omissions giving rise to this action took place in this District.

**III.    Outstanding and Intended Motions and Applications**

The deadline by which Defendant must answer or otherwise respond to Plaintiff's complaint is January 30, 2014. There are no other outstanding motions or applications at this time.

**IV.     Discovery**

No discovery has taken place at this time. The parties anticipate that evidence admissible under the Federal Rules of Evidence will include employment related evidence and records of communication between the relevant decision makers and Plaintiff

**V.      Damages Computation**

Plaintiff seeks the following damages:

- Economic damages for front and back pay, in addition to COBRA and the loss of other benefits;
- Liquidated damages for Plaintiff's economic losses pursuant to the NYLL;
- Punitive damages and compensatory damages for Plaintiff's emotional distress in an amount to be determined by a jury pursuant to the New York City Human Rights Law;
- Pre and post-judgment interest in an amount to be determined by the Clerk of Court; and
- Attorneys' fees and costs to be determined by the Court upon entry of a judgment establishing Plaintiff's status as the prevailing party.

Defendant denies Plaintiff is entitled to damages as Plaintiff has failed to mitigate his damages.

**VI.     Status of Settlement Discussions**

The parties have initiated preliminary settlement discussions. At this time, a Settlement Conference or mediation would be premature.

Hon. Alison J. Nathan
January 24, 2014
Page 3

### VII.     Estimated Length of Trial

The parties anticipate that trial will last approximately four days.

### VII.     Additional Information

The parties have no additional information to submit to the Court at this time.

Thank you for Your Honor's consideration.

Respectfully submitted,

| THE OTTINGER FIRM, P.C | JASINSKI, P.C. |
|---|---|
| By: s/ *George D. Vallas,* <br> George D. Vallas, Esq. <br> 20 West 55th Street, 6th Floor <br> New York, NY  10019 <br> T: (212) 571-2000 <br> F: (212) 571-0505 <br> george@ottingerlaw.com | By: s/ *David F. Jasinski* <br> David F. Jasinski, Esq. <br> Sixty Park Place, 8th Floor <br> Newark, New Jersey 07102 <br> T: (973) 824-9700 <br> F: (973) 824-6061 <br> djasinski@jplawfirm.com |
| *Counsel for Plaintiff* | *Counsel for Defendant* |